#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

**JAMES LEE JAMERSON,**

    **Plaintiff,**

    v.                                         **CASE NO. 17-3205-SAC**

**JAMES HEIMGARTNER, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER
### AND ORDER TO SHOW CAUSE

Plaintiff James Lee Jamerson is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, the events giving rise to his Complaint took place during his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF") and the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").

Plaintiff alleges in Count I of his Complaint that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from an assault by another inmate occurring in June, 2010. A few weeks after the altercation, Plaintiff appeared before the Segregation Review Board at LCF. At the hearing, Plaintiff was told that he would not be placed on OSR (Other Security Risk) for the altercation, but rather he would be placed on OSR for contraband and a gang-related incident. Plaintiff was then

transferred to EDCF where he remained in administrative segregation for more than three years. Plaintiff alleges as Count II that he was subjected to retaliation in the form of long term segregation because prison official claimed Plaintiff was introducing dangerous contraband within the correctional facility without any evidence to prove the allegations. Plaintiff alleges that Defendants' false reports, without some evidence, violated Plaintiff's due process rights.

Plaintiff received a disciplinary report at EDCF for possession of dangerous contraband in April, 2014. Plaintiff filed a state habeas action alleging a denial of due process and insufficient evidence at his disciplinary proceeding. The district court dismissed the petition, and the Kansas Court of Appeals reversed and remanded, finding that "it appears that Jamerson could be entitled to relief for a violation of his due process right to call witnesses to testify at the disciplinary hearing." (Doc. 1–1, at 16.) After Plaintiff's state habeas action was remanded in June 2015, KDOC and EDCF dismissed the disciplinary action against Plaintiff, restored all of his good time, and gave Plaintiff his money back. They did not compensate Plaintiff for the time he spent in segregation or the time he spent on privileged restriction. As Count III, Plaintiff alleges that he was subjected to a false conviction as a result of the disciplinary action regarding dangerous contraband, violating his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff filed a "Motion to Alter or Amend Complaint" (Doc. 11), seeking to add a claim for the tort of outrage as Count IV of his Complaint. The claim is based on Defendants' alleged falsification of documents as set forth in the Complaint. Plaintiff seeks compensatory, punitive, and exemplary damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant

did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. *Statute of Limitations*

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year

statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on November 22, 2017. Plaintiff's alleged failure to protect and segregation review board hearing occurred in June 2010, and his subsequent disciplinary hearing occurred in April 2014. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and

no further factual record is required to be developed). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

### 2. *Motion to Appoint Counsel*

Plaintiff filed a Motion to Appoint Counsel (Doc. 10), arguing that he is indigent, the case will involve conflicting testimony, a skilled attorney is needed for cross-examination, and the case is complex and will require substantial factual investigation.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3)

Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice.

### 3. *Motions to Submit Evidence*

Plaintiff has filed two motions to submit evidence (Docs. 8, 9), seeking to submit evidence pursuant to Rule 401 of the Federal Rules of Evidence. Because Plaintiff's Complaint has not survived screening, the motions are premature. The Court denies the motions without prejudice.

## IV. Response Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause why his Complaint (Doc. 1) should not be dismissed as barred by the statute of limitations.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **March 7, 2018**, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 10) and Motions to Submit Evidence (Docs. 8, 9) are **denied without prejudice**.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 7th day of February, 2018.**

       **s/ Sam A. Crow**
       **SAM A. CROW**
       **Senior U. S. District Judge**