IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES LEE JAMERSON,

    **Plaintiff,**

    v.                                          CASE NO. 17-3205-SAC

JAMES HEIMGARTNER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Response (Doc. 13) to the Court's February 7, 2018 Memorandum and Order and Order to Show Cause ("MOSC") (Doc. 12). The MOSC ordered Plaintiff to show cause why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to show good cause and his Complaint is dismissed for failure to state a claim.

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), the events giving rise to his Complaint took place during his incarceration at EDCF and the Lansing Correctional Facility in Lansing, Kansas ("LCF").

Plaintiff alleges in Count I of his Complaint that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from an assault by another inmate occurring in June, 2010. Plaintiff alleges as Count II that he was subjected to retaliation in the form of long term segregation because prison official claimed Plaintiff was introducing dangerous contraband within the correctional facility without any evidence to prove the allegations. As Count III, Plaintiff alleges that he was subjected to a false conviction as a result of the disciplinary action regarding dangerous contraband, violating his

1

Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff filed a "Motion to Alter or Amend Complaint" (Doc. 11), seeking to add a claim for the tort of outrage as Count IV of his Complaint.  The claim is based on Defendants' alleged falsification of documents as set forth in the Complaint.  Plaintiff seeks compensatory, punitive, and exemplary damages.

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations.  Plaintiff filed his Complaint on November 22, 2017.  Plaintiff's alleged failure to protect and segregation review board hearing occurred in June 2010, and his subsequent disciplinary hearing occurred in April 2014.  It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

In his response, Plaintiff argues that although his "illegal segregation started in June 2010, it was not until June 6, 2013, that the Plaintiff had actual proof of the fact that Defendants placed falsified documents in his file in an unprofessional vain attempt to hold the Plaintiff on 23 hour lock down for five years and three months for the alleged movement of contraband, and failure to provide information to prison officials." (Doc. 13, at 1.)  Thus, Plaintiff argues that the statute of limitations should be tolled until June 6, 2013.  *Id*. at 2.  Plaintiff argues that when he had the documentation on June 6, 2013, he began to exhaust his administrative remedies and brought a state habeas action.  Plaintiff then argues that the statute of limitations should be tolled during the pendency of his state habeas action.  Plaintiff argues that a win in the Kansas Supreme

Court was a prerequisite to bringing his federal action because "[u]ntil Plaintiff set precedent Kansas inmates had no liberty interest in remaining free from administrative segregation." *Id*.

Plaintiff argues that he is actually challenging two disciplinary reports and one was not overturned on direct appeal until June 2015. Plaintiff alleges that the case was remanded back to the EDCF disciplinary board for a fair rehearing. Plaintiff alleges that the rehearing was held at the end of August 2015. Plaintiff alleges that "at this point" his mental health was in a "bad place" and he is therefore entitled to tolling for this disciplinary report. Plaintiff alleges that the other disciplinary report was reversed in October of 2016 and is therefore within the two year statute of limitations.

The Court finds that Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. In Count I of his Complaint, Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from an assault by another inmate occurring in June, 2010. Nothing in Plaintiff's response suggests that he was not aware of the assault on the day it occurred. This claim is clearly barred by the statute of limitations.

Even if Plaintiff could successfully argue for equitable tolling regarding his remaining claims, Plaintiff has failed to state a plausible claim for relief. Plaintiff seeks money damages for retaliation and for compensation for his time spent in segregation. Plaintiff alleges that after his state habeas action was remanded in June 2015, KDOC and EDCF dismissed the disciplinary action against Plaintiff, restored all of his good time, and gave Plaintiff his money back. They did not compensate Plaintiff for the time he spent in segregation or the time he spent on privileged restriction. Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in

pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend Complaint (Doc. 11) is **denied.**

**IT IS FURTHER ORDERED** this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 25th day of April, 2018.**

      **s/ Sam A. Crow**
      **SAM A. CROW**
      **Senior U. S. District Judge**