# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES LEE JAMERSON,

    **Plaintiff,**

    v.                                                                                 CASE NO. 17-3205-SAC

JAMES HEIMGARTNER, et al.,

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed this action on April 25, 2018. (Docs. 14, 15.) This matter is before the Court on remand from the Tenth Circuit Court of Appeals. The Tenth Circuit affirmed dismissal of Count One of Plaintiff's Complaint, but held with regard to Counts Two and Three that Plaintiff's district court filings "suggest he may be able to amend his complaint to address the district court's § 1997e(e) concerns." (Doc. 22, at 11.) The Tenth Circuit also vacated the denial of Plaintiff's motion to amend to add the state law tort of outrage. The Tenth Circuit also noted that if Plaintiff files an amended complaint that satisfies the Court's concerns about § 1997e(e), the Court will need to address equitable tolling. *Id*. at 12.

The Court entered an Order (Doc. 23) granting Plaintiff the opportunity to file a complete and proper amended complaint. Plaintiff filed a Motion for Leave to Amend (Doc. 24) on November 15, 2018, and a subsequent Motion for Leave to Amend (Doc. 25) on January 7, 2019. The Court will deny the motion at Doc. 24 as moot in light of Plaintiff's subsequent motion.

Although the Court will grant Plaintiff an opportunity to file an amended complaint, the proposed amended complaint attached to Plaintiff's motion at Doc. 25–1 is deficient. Despite

being provided with the Court's form complaint, the proposed amended complaint is not on the Court's forms and includes a Memorandum of Law and 110 pages of exhibits. The proposed amended complaint sets forth two counts that are subdivided into twelve subparts, with each listing a date and a defendant that "did violate Jamerson's Eighth and Fourteenth Amendments to the United States Constitution, Bill of Rights and State of Kansas Statute K.S.A. 75-6101, Kansas Tort Claims Act and Bill of Rights 9, for defendants failing to." The sentences are not complete and do not state what each defendant failed to do. By reading the entire document, the Court understands that Plaintiff is attempting to assert a cause of action for defendants "falsifying documents in order to keep Plaintiff in Solitary Confinement." (Doc. 25–1, at 3.) However, Plaintiff must refer to each defendant in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. The amended complaint must provide enough information to allow each defendant to answer the allegations against that defendant. The counts must include complete sentences.

The Court appreciates that Plaintiff has addressed the Court's concerns regarding § 1997e(e) and equitable tolling relating to Counts Two and Three of Plaintiff's Complaint. However, Plaintiff's current proposed amended complaint is insufficient to allow Defendants to properly answer Plaintiff's allegations. The Court will provide Plaintiff with the Court's forms and give Plaintiff an opportunity to file an amended complaint.[1] Plaintiff does not need to

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (17-3205-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint,

resubmit his Memorandum of Law or the exhibits attached to his proposed amended complaint at Doc. 25–1.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions for Leave to Amend (Docs. 24, 25) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 8, 2019**, in which to file a complete and proper amended complaint as set forth herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 8th day of January, 2019.**

> s/ Sam A. Crow
> **SAM A. CROW**
> **Senior U. S. District Judge**

---

where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.