IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES LEE JAMERSON,

    **Plaintiff,**

    v.                                        CASE NO. 17-3205-SAC

JAMES HEIMGARTNER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at El Dorado Correctional Facility-Central in El Dorado, Kansas ("EDCF"). The Court dismissed this action on April 25, 2018. (Docs. 14, 15.) This matter is before the Court on remand from the Tenth Circuit Court of Appeals. The Tenth Circuit affirmed dismissal of Count One of Plaintiff's Complaint, but held with regard to Counts Two and Three that Plaintiff's district court filings "suggest he may be able to amend his complaint to address the district court's § 1997e(e) concerns." (Doc. 22, at 11.) The Tenth Circuit also vacated the denial of Plaintiff's motion to amend to add the state law tort of outrage. The Tenth Circuit also noted that if Plaintiff files an amended complaint that satisfies the Court's concerns about § 1997e(e), the Court will need to address equitable tolling. *Id*. at 12.

The Court entered an Order (Doc. 23) granting Plaintiff the opportunity to file a complete and proper amended complaint. Plaintiff filed a Motion for Leave to Amend (Doc. 24) on November 15, 2018, and a subsequent Motion for Leave to Amend (Doc. 25) on January 7, 2019. The Court denied the motion at Doc. 24 as moot, and found the proposed amended complaint attached to Plaintiff's motion at Doc. 25–1 deficient for the reasons set forth in the Court's Order

at Doc. 26. The Court granted Plaintiff another opportunity to file a complete and proper amended complaint. Plaintiff filed his Third Amended Complaint (Doc. 27) on January 28, 2019 ("TAC").

Plaintiff alleges in his TAC that Defendants violated his Eighth and Fourteenth Amendment rights by falsifying documents in order to hold Plaintiff in solitary confinement status for more than three years. Plaintiff alleges he received a false disciplinary conviction because he refused to put his life in danger by becoming an informant. Plaintiff alleges that Defendants, with malice and under false pretenses, labeled Plaintiff as an inmate who conspired to move contraband and a Security Threat Group Member ("STG") of an unknown prison gang. Plaintiff alleges that Defendants also violated the Kansas Tort Claims Act, K.S.A. 75-6101, and Section 9 of the Kansas Bill of Rights. Plaintiff names as defendants: James Heimgartner, EDCF Warden; Douglas Burris, KDOC Secretary; Tim Robinson, E.A.I. at Lansing Correctional Facility ("LCF"); (fnu) Baker, Major at LCF; Amanda King, Mental Health Counselor at EDCF; Carrie Marlett, UT at EDCF; Daniel Jackson, UT at EDCF; Laurie Rohling, UT at EDCF; (fnu) Johnson, Disciplinary Hearing Officer at EDCF; and John Doe, Mental Health Counselor at LCF.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of EDCF and LCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of EDCF and LCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Clerk of Court shall serve Defendants under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2)	Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendants shall have an additional **sixty (60) days** to answer or otherwise respond to the Third Amended Complaint.

(3)	Officials responsible for the operation of EDCF and LCF are directed to undertake a review of the subject matter of the Third Amended Complaint:

    a.	To ascertain the facts and circumstances;

    b.	To consider whether any action can and should be taken by the institution to resolve the subject matter of the Third Amended Complaint; and

    c.	To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Third Amended Complaint and should be considered together.

(4)	Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5)	Authorization is granted to the officials of EDCF and LCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)	No answer or motion addressed to the Third Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Third Amended Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 1st day of February, 2019.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**