IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES LEE JAMERSON,

    **Plaintiff,**

    v.                               CASE NO. 17-3205-SAC

JAMES HEIMGARTNER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at El Dorado Correctional Facility-Central in El Dorado, Kansas ("EDCF"). On February 1, 2019, the Court entered a Memorandum and Order (Doc. 28) directing the appropriate officials of EDCF and Lansing Correctional Facility to prepare and file a *Martinez* Report. This matter is before the Court on the Motion for Extension of Time to File Martinez Report (Doc. 32) filed by the Kansas Department of Corrections ("KDOC"). For good cause shown, the Court will grant the motion. The deadline for filing the *Martinez* Report is extended to July 1, 2019. Upon the filing of that report, the AG/Defendants shall have an additional sixty (60) days to answer or otherwise respond to the Third Amended Complaint.

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 30). Plaintiff argues that he is indigent, the case will involve conflicting testimony and credibility issues, and his claims are complex and will require substantial factual investigation.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543,

1

547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion after Plaintiff has received the *Martinez* Report and Defendants' answer or other responsive pleading.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 30) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the Motion for Extension of Time to File Martinez Report (Doc. 32) filed by the KDOC is **granted**. The deadline for filing the *Martinez* Report is extended to **July 1, 2019**. Upon the filing of that report, the AG/Defendants shall have an additional sixty (60) days to answer or otherwise respond to the Third Amended Complaint.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 26th day of April, 2019.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
