# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES LEE JAMERSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-32055-JAR-KGG |
| JAMES HEIMGARTNER, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Now before the Court is Plaintiff's Motion for Appointment of Counsel. (Doc. 60.) Plaintiff has filed three prior motions requesting counsel (Docs. 10, 30, 37) all of which were denied by the District Court without prejudice (Docs. 12, 33, 43).

In ruling on the two most recent of Plaintiff's prior requests for counsel (Docs. 30, 37), the District Court found no justification for appointing counsel but indicated the issue would be revisited after all Defendants have filed their answer or responsive pleading. (Doc. 33, at 2; Doc. 43, at 2.) The District Court particularly concluded that "in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments." (Doc. 33, at 2.) The District Court thus denied the motion

"without prejudice to refiling … after Plaintiff has received the *Martinez* Report and Defendants' answer or other responsive pleading." (*Id*.)

Following the entry of the amended *Martinez* report (Doc. 52), Defendants' filed a dispositive motion in response to Plaintiff's Complaint. (*See* Docs. 56, 59.) Defendants have also filed a Motion to Stay Discovery. (Doc. 61.)

The undersigned Magistrate Judge notes that the issues presented in Defendants' dispositive motion, relating to qualified immunity and alleged violations of Plaintiff's constitutional rights, are "relatively straightforward." ***Saleh v. M.E. Ray***, No. 02-3241-CM, 2004 WL 955801, *2 (D. Kan. Jan. 6, 2004) (declining to appoint counsel for purposes of appeal to the Tenth Circuit in case involving alleged violations of the plaintiff's First and Eighth Amendment Rights); *cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). Further, Plaintiff has demonstrated the ability to represent himself throughout this litigation.

As such, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more

effectively, this fact alone does not warrant appointment of counsel. It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." ***Steffey v. Orman***, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting ***Rucks v. Boergermann***, 57 F.3d 978, 979 (10th Cir. 1995)). The Motion to Appoint Counsel (Doc. 60) is, therefore, **DENIED**.

    **IT IS SO ORDERED.**

    Dated this 4th day of December, 2019, at Wichita, Kansas.

                            S/ KENNETH G. GALE
                            HON. KENNETH G. GALE
                            U.S. MAGISTRATE JUDGE