IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES LEE JAMERSON,

    Plaintiff,

    v.

JAMES HEIMGARTNER, et al.,

    Defendants.

Case No. 5:17-3205-JAR-KGG

## ORDER TO SHOW CAUSE

Plaintiff James Lee Jamerson brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendants James Heimgartner, Randolph Johnson, Daniel Jackson, Laurie Rohling, Ron Baker, and Douglas Burris (the "KDOC Defendants") filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on November 27, 2019.[1] They move for dismissal based on the Eleventh Amendment, qualified immunity, failure to allege personal participation by each defendant, improper invocation of the Kansas Bill of Rights and Kansas Tort Claims Act, and the statute of limitations.[2] On December 13, 2019, Defendant Amanda King Benaway filed a Motion for Judgment on the Pleadings, arguing that Plaintiff fails to state a claim against her and that Plaintiff's claims are time-barred.[3] To date, Plaintiff has not filed a response to either of these motions and the time for doing so has expired.[4]

Under D. Kan. Rule 7.4,

---

[1] Doc. 56.

[2] *See* Doc. 57.

[3] Doc. 63; *see also* Doc. 64.

[4] *See* D. Kan. R. 6.1(d)(2) (requiring parties to file responses to dispositive motions within twenty-one days). Additionally, the KDOC Defendants sent Plaintiff a "Notice to Pro Se Plaintiff Who Opposes a Motion for Summary Judgment," which described Plaintiff's response obligations and the consequences for failing to file a response to a summary judgment motion. *See* Doc. 59.

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance.[5] As a result of Plaintiff's failure to respond, the Court may grant Defendants' motions to dismiss as uncontested. To the extent the KDOC Defendants' motion requests summary judgment, the Court may deem uncontested facts admitted to the extent they are supported by the record and evaluate the motion on that basis.[6]

Plaintiff is therefore directed to show cause to this Court in writing by **March 13, 2020**, why Defendants' motions should not be granted as unopposed. Plaintiff shall also file any response to Defendants' motions by **March 13, 2020**. If Plaintiff fails to respond to this Order, or to file a response as directed, the Court will consider both Defendants' motions as described in D. Kan. Rule 7.4(b) and will evaluate them as unopposed motions.

**IT IS SO ORDERED.**

Dated: February 10, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules, and citing carious cases dismissing *pro se* cases for failure to comply with the rules)).

[6] Fed. R. Civ. P. 56(e).