Mr. James Lee Jamerson #74123
H.C.F. 500 Reformatory Rd.
Hutchinson, KS 67504-1568

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JAMES LEE JAMERSON,  )
    Plaintiff,  )
                               )

VS.  )  Case No. **17-CV-3205**
                               )

JAMES HEIMGARTNER, et al., )
    Defendants.  )
_____)

Pursuant to Fed. R. Civ. P. 6

### MOTION FOR EXTENSION OF TIME

    COMES NOW, the petitioner, James Lee Jamerson, pro se, and respectfully requests this court grnat him an extension of time to respond to the court's motion to show cause and respond to defendant's motions. In support of said request petitioner would sumit the following:

    1. On or about Febraury 10, 2020 this court entered an order directing plaintiff to show cause why his suit should not be dismissed. In addition the court ordered plaintiff to respond to any and all of defendant's pending dispositive motions.

    2. Since the entry of that order the plaintiff has had to deal with a plethora of issues. One of those issues is the basic shut down of the prison and free word in response to the covid-19 pandemic.

    3. Plaintiff has basically been unable to attend the law library or use its research computers for the past month. First, the librarian has taken off multiple days or been barred from entering the facility due to being sick. In addition to that the research

computers have been basically useless for almost a month because LexusNexus, our provider, has had some sort of glitch that disabled the research program.

4. Petitioner has to respond to and research a large number of theories and cases cited by defendants in their motions. That has not been possible with the limited amount of time plaintiff has been allowed to attend the law library and do research.

5. The applicable standard here needed for plaintiff to receive an extension of time, excusable neglect, was discussed in **Sizemore V. State DOL,** 182 Fed. Appx. 848, 852 (10th Cir. 2006) where the court held:

"In determining whether a movant seeking additional time has shown excusable neglect, courts consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (stating factors in context of "excusable neglect" test of Bankruptcy Rule 9006(b)); Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1494 (10th Cir. 1995) (applying Pioneer Inv. Servs. definition of "excusable neglect" in Rule 6(b) context). The district court found that the reason for delay, the most important factor, see United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004), did not favor Ms. Sizemore."

In this matter there is no danger of prejudice to the opposing party for plaintiff to recieve a short extension of time; the lenght of the delay, especially with the court being shut down due to the caronavirus pandemic, will have no impact on the jdicial proceedings; the reason for the delay is no fault of the plaintiff or defendants nor was a pandemic or a glitch in the research computers in the reasonable control of the plaintiff; and the plaintiff is acting in good faith as he fully intends to respond to the courts order and the defendants' motions.

5. In **Rachel v. Troutt,** 820 F.3d 390, 394 (10th Cir. 2016) the court held:

"In the district court, the governing rule allows an extension of time "for good cause." Fed. R. Civ. P. 6(b)(1). This rule should be liberally construed to advance the goal of trying each case on the merits. See Hanson v. City of Okla. City, No. 94-6089, 1994 U.S. App. LEXIS 28248, 1994 WL 551336, at *2 (10th Cir. Oct. 11, 1994) (recognizing that "courts often review Rule 6(b)(1) motions 'liberally'" (citation omitted)); accord Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258-59 (9th Cir. 2010) (stating that Rule 6(b) must be "'liberally construed to effectuate the general purpose of seeing that

cases are tried on the merits'" (citation omitted)); see also Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding.").

6. Plaintiff maintains that he can show good cause as to why an extension of time should be granted in this matter. This matter is is not that distinguishable from the **Rachael** case:

"The dilemma was compounded by Mr. Rachel's limited access to the prison law library. The defendants' dispositive motion included citations to over 40 cases, along with various rules and statutes. In the 21 days Mr. Rachel had to respond, he not only had to draft and serve discovery requests, but also to respond to the defendants' legal analysis while able to use a law library for only a few hours per week." **Rachael V. Troutt**, , 820 F.3d 390, 394 (10th Cir. 2016)

WHEREFORE, and because of the above, plaintiff requests this court give him an additional 45 days with which to respond to the courts order and all the defendants' pending motions.

Respectfully Submitted,

*James Lee Jamerson*
JAMES JAMERSON

## CERTIFICATE OF SERVICE

The undersigned hereby states that this MOTION FOR EXTENSION OF TIME was hand delivered to prsion officials for e-filing with the clerk of the court on this 14 rd day of April, 2020.

*James Lee Jamerson*
JAMES JAMERSON