### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**JAMES LEE JAMERSON,**

    **Plaintiff,**

    v.

**JAMES HEIMGARTNER, et al.,**

    **Defendants.**

Case No. 5:17-3205-JAR-KGG

### MEMORANDUM AND ORDER

On April 21, 2020, the Court issued a Memorandum and Order ("April 21 Order") granting Defendants' dispositive motions in this matter.[1] The Court granted summary judgment in favor of Defendants James Heimgartner, Randolph Johnson, Daniel Jackson, Laurie Rohling, Ron Baker, and Douglas Burris (hereinafter, the "KDOC Defendants") and granted judgment on the pleadings in favor of Defendant Amanda King. Also in that Order, the Court denied Plaintiff James Lee Jamerson's Motion for Extension of Time to respond to Defendants' motions because, despite being provided several opportunities, he failed to demonstrate excusable neglect in missing his response deadlines. The Court therefore considered Defendants' motions unopposed and issued its rulings.

One week later, on April 28, 2020, Plaintiff filed a response to the KDOC Defendants' Motion to Dismiss or in the Alternative for Summary Judgment.[2] The Court has no duty to consider Plaintiff's April 28 response, filed out of time and without leave of court. Nonetheless,

---

[1] *See id.*

[2] Doc. 70. The certificate of service indicates Plaintiff gave his response to prison officials for electronic filing on April 24, 2020.

out of an abundance of caution, the Court briefly explains below why the arguments raised in Plaintiff's response do not disturb the findings and conclusions in its April 21 Order.

### A.     Eleventh Amendment Immunity

In its April 21 Order, the Court determined that the KDOC Defendants were immune from suit under the Eleventh Amendment in their official capacities, and that no exception to Eleventh Amendment immunity applies. In his response, Plaintiff asserts that the exception articulated in *Ex parte Young* applies, which permits plaintiffs to request prospective injunctive relief against state officials for ongoing violations of federal law,[3] because the KDOC Defendants have been and continue to falsify documents. Plaintiff adds that because he is still incarcerated, he will be subject to further abuse by the KDOC Defendants.

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal aw and seeks relief properly characterized as prospective."[4] In his Amended Complaint, Plaintiff's request for relief includes actual damages, compensatory damages, punitive damages, nominal damages, and "injunctive relief of preventing defendants from falsifying documents,"[5] but he does not identify any ongoing falsification of documents. Instead, Plaintiff cites to an incident in 2010 in which he believes he was improperly labelled a gang member, which resulted in his extended placement in segregation. He does not identify which of the KDOC Defendants is responsible for this alleged falsification, nor does he identify any other possible "falsification" that occurred since 2010.

---

[3] Doc. 68.

[4] *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019) (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

[5] Doc. 27 at 13.

Notwithstanding his request for relief in the Amended Complaint and the multitude of opportunities Plaintiff has been given to clarify the factual bases for his legal claims, Plaintiff does not identify any ongoing violation of federal law as distinct from a prior, discrete violation in 2010. Therefore, even if Plaintiff's response had been timely filed, the information and arguments therein would not change the Court's determination that the KDOC Defendants are entitled to Eleventh Amendment immunity for the claims brought against them in their official capacities.

### B. Qualified Immunity

In its April 21 Order, the Court also determined that the KDOC Defendants are entitled to qualified immunity for the § 1983 claims brought against them in their individual capacities because Plaintiff's pleadings did not allege facts sufficient to establish a constitutional violation under either the Eighth or Fourteenth Amendment. Plaintiff's response only addresses the Fourteenth Amendment claim, by arguing that his segregation implicates a protected liberty interest.

The Court incorporates by reference its lengthy analysis in the April 21 Order, explaining why Plaintiff did not demonstrate that the KDOC Defendants' actions implicated any constitutionally-protected liberty interest. The Court applied the following four-factor test: (1) whether the segregation serves a legitimate penological interest; (2) whether the inmate's placement into segregation was extreme; (3) whether the inmate's segregation increased the duration of his confinement; and (4) whether the inmate's placement was indeterminate.[6] Plaintiff's response addresses the first, second, and fourth factors.

---

[6] Doc. 68 at 24 (citing *Grissom v. Roberts*, 902 F.3d 1162, 1169 (10th Cir. 2018)).

First, the Court determined Plaintiff's two placements into segregation served a legitimate penological interest: safety. Plaintiff's first placement into segregation occurred after he stabbed another inmate with a homemade metal knife in 2010. Plaintiff's second placement in segregation occurred in 2014 after he provided either synthetic cannabis or K2 to another inmate while in the shower area. Plaintiff argues that he was falsely labelled a "snitch" and a "drug dealer," and that those labels did not serve a legitimate penological interest. But this argument does not undermine the Court's conclusion that Plaintiff was placed into segregation based on a legitimate penological interest in preserving safety.

Second, Plaintiff asserts that his placement was extreme because it resulted in his eyes becoming increasingly sensitive to light. But Plaintiff's light sensitivity is not the sort of consequence that qualifies segregation as extreme. Throughout his time in segregation, Plaintiff had access to the basic essential of life, though his access to certain amenities or privileges—such as light exposure—may have differed from inmates in the general population. Neither EDCF nor LCF has a constitutional duty to expose inmates in segregation to particular light; nor does an inmate have a right to access specific lighting conditions. Plaintiff's resulting light sensitivity does not render his placement in segregation extreme.

As to the fourth factor, the Court found that Plaintiff's segregation was not indeterminate because it was reviewed on a regular basis and he was informed of the reasons for his continued placement in segregation. In his response, Plaintiff contends that his segregation placement was indeterminate because he did not know if or when he would be released. But the law does not mandate an inmate be told when he will be released from segregation. It is sufficient if an inmate's placement is reviewed regularly.[7] Plaintiff does not contest that his placement in

---

[7] *See, e.g.*, *Grissom v. Werholtz*, 524 F. App'x 467, 474 (10th Cir. 2013).

4

segregation was reviewed, instead arguing that the review process itself was a sham. Plaintiff does not provide any factual support for his conclusion that the review process was meaningless; and, such a claim is belied by the *Martinez* report, which indicates Plaintiff was reviewed periodically, was able to participate in the review process, and was informed of the review board's decision and reasons therefor.[8]

In sum, nothing in Plaintiff's response changes the Court's prior determination that the KDOC Defendants are entitled to qualified immunity on the § 1983 individual-capacity claims asserted against them.

### C. Statute of Limitations

The Court determined that Plaintiff's federal claims were time-barred even if Eleventh Amendment and qualified immunity did not bar the § 1983 claims. The Court's April 21 Order details the myriad opportunities Plaintiff had to demonstrate entitlement to statutory or equitable tolling. Despite these opportunities, Plaintiff has failed to do so. In his untimely response, Plaintiff argues the violations are ongoing, and that he was not aware of his eye injuries until he was released from segregation.

Where a plaintiff alleges a continuous series of unlawful acts, the statute of limitations may be extended.[9] This doctrine, often called the continuous violation doctrine, "is triggered by continuing unlawful acts but not by continued damages from the initial violation."[10] The Tenth Circuit "ha[s] not yet determined whether this doctrine applies to § 1983 claims."[11] But even if the continuous violation doctrine did apply to such claims, it would not benefit Plaintiff.

---

[8] Doc. 52.

[9] *See Parkhurst v. Lampert*, 264 F. App'x 748, 749 (10th Cir. 2008).

[10] *Colby v. Herrick*, 849 F.3d 1273, 1280 (10th Cir. 2018).

[11] *Parker v. Bourdon*, 900 F. App'x 654, 657 (10th Cir. 2020).

Plaintiff alleges that he did not become aware of his eye condition until after he was released from segregation.  But Plaintiff's allegations are based on his placement into segregation in 2010, his denial of admission into BMP, and his placement into segregation in April 2014.  Moreover, the issue of timeliness has been brought to Plaintiff's attention throughout the pendency of his lawsuit, and he has still not demonstrated he is entitled to either statutory or equitable tolling.  Plaintiff's conclusory assertions about when his claims accrued are without merit, and he has not demonstrated any continuous violation by the KDOC Defendants that would extend the statute of limitations—assuming the Tenth Circuit would permit such an extension.  Nothing in Plaintiff's response changes the Court's determination that, even assuming the KDOC Defendants were not immune from suit, Plaintiff's claims would be barred by the statute of limitations.

### D. Personal Participation

The Court's April 21 Order also explains that Plaintiff failed to allege personal participation by each individual defendant, entitling them to dismissal.[12]  In his response, Plaintiff asserts that he did allege personal participation, but points to no allegations that persuade the Court to change its ruling.  The Amended Complaint contains various conclusory assertions about the individual Defendants and fails to state with the requisite specificity what any particular KDOC Defendant did that would give rise to individual liability.  Accordingly, the Court sees no reason to change its conclusion that Plaintiff's claims are subject to dismissal as described in the Court's April 21 Order.

**IT IS SO ORDERED.**

Dated: May 12, 2020

---

[12] Doc. 68 at 26.

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
